**Jacob Bauer and Charles Bauer, trading as Jacob Bauer & Son, Appellees, v. Rusetos & Company, Appellant.**

### Gen. No. 27,064.

1. AUTOMOBILES AND GARAGES—*insufficiency of evidence to show contributory negligence of one struck by truck.* In an action to recover for personal injuries caused by a truck, while going at "pretty rapid" speed near the curb, striking a plank placed across two horses standing on the sidewalk near the entrance of a theater, thereby causing a painter who was standing upon the plank to be thrown therefrom and injured, it was not contributory negligence *per se* that the plank extended about a foot beyond the curb line.

2. PLEADING—*permitting amendment of declaration after verdict.* Under Cahill's Ill. St. ch. 110, ¶ 39; ch. 7, ¶ 1, there was no abuse of discretion in permitting an action by an employer to recover for injuries to plaintiff's employee to be dismissed as to the driver of the truck causing the injury, and the declaration to be amended accordingly after a verdict against both such driver and the employer of the driver and before judgment.

3. NEW TRIAL—*when view by jury of scene of accident not ground for new trial.* In an action to recover for personal injuries, an affidavit of one of the attorneys to the effect that he had been informed that one of the jurors had during the trial visited the scene of the accident, was properly disregarded on the motion for a new trial, where it did not state that the juror made any use of his knowledge with the other jurors, or any facts tending to show that defendant was prejudiced by the incident.

4. WORKMEN'S COMPENSATION ACT—*amount recoverable by employer against third person injuring employee.* In an action by the employer of an injured employee who had received an award under the Workmen's Compensation Act, against the party who

had caused the injury, where the case was one which came under section 29 of the Act (Cahill's Ill. St. ch. 48, ¶ 229), a verdict concededly based on the employee's life expectancy of 15 years and 31 weeks under such award was excessive, as plaintiff was only entitled to recover what the employer had, up to then, paid as compensation and for medical and hospital expense, and three instalments which were due under the award at the time of the trial, as the Act contemplates reimbursement to the employer only for the damages he has actually suffered; the question whether or not a right of action would accrue as other instalments matured was not considered.

5. WORKMEN'S COMPENSATION ACT—*amount recoverable by employer for injury to employee in action against person causing injury.* As under section 21 of the Workmen's Compensation Act (Cahill's Ill. St. ch. 48, ¶ 221) the employer's liability for future instalments is contingent upon the employee being alive when they mature, the employer could only be reimbursed by the negligent party to an amount not exceeding the actual damages suffered by him; but such employer, desiring to recover in one suit to the full extent of such negligent party's liability, could, under section 9 of the Workmen's Compensation Act (Cahill's Ill. St. ch. 48, ¶ 209), have had the amount fixed in one lump sum before bringing suit.

Appeal from the Superior Court of Cook county; the Hon. MARCUS KAVANAGH, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1921. Affirmed on remittitur; otherwise reversed and remanded. Opinion filed April 18, 1922. Rehearing denied April 29, 1922.

FRANK M. COX and ALBERT N. POWELL, for appellant.

ALFRED ROY HULBERT and WILLIAM W. HEISE, for appellees.

MR. JUSTICE BARNES delivered the opinion of the court.

This suit was brought under section 29 of the Workmen's Compensation Act (Cahill's Ill. St. ch. 48, ¶ 229) by Jacob Bauer and Son, employers of John Haupt, the injured party, against appellant corporation, from whose act the injury resulted. At the time of the accident Haupt, the employee, was engaged in painting the ceiling of a canopy which extended from

the front of a theater building to the curb of the sidewalk. He was standing on a plank placed across two horses, one near the entrance of the theater, and the other near the curb. The plank was about nine feet above the sidewalk and projected, according to the greater weight of the testimony, about one foot beyond the curb line. The theater was on the south side of the street. A few feet west of its entrance was the entrance to an ice cream parlor, to which defendant was delivering ice cream from its gasoline truck that stood close to the sidewalk, a few feet west of the canopy. The height of the body of the truck was about twelve feet. After completing his delivery the driver got on the seat and started up the truck, running it so close to the curb that it struck the end of the plank, causing Haupt to be precipitated to the sidewalk, and seriously injured.

Appellant contends that the judgment should be reversed because plaintiffs failed to prove their case by a preponderance of the evidence. The claim is that the facts do not establish negligence on defendant's part, or due care on the part of plaintiffs or their workmen, including said employee, in thus placing the plank, and that their negligence in that regard contributed to the injury. These were questions of fact upon which the jury had sufficient evidence to base its finding adversely to appellant's contentions, and we do not think, as urged, that it was negligence *per se* that the plank extended about a foot beyond the curb line.

Defendant's driver saw Haupt at work on the plank but says he did not observe the end of it. The canopy was so constructed that there was nothing to prevent the driver, while sitting in front of the truck within a few feet of it, from seeing not only Haupt who stood on the plank near its outer end, but the entire structure on which he stood. There was evidence tending to show that he started up his truck at a "pretty rapid speed," that "it kept hugging the curbstone" until it

struck the plank, and continued on and broke down a
lamp-post that stood about half a foot inside of the
curbstone before it was stopped. These facts, if be-
lieved by the jury, constituted ample proof of negli-
gence, but for which the accident would not have hap-
pened. The evidence was sufficient to justify the
jury's findings as to plaintiffs' care and defendant's
negligence.

Both the driver and defendant were made parties
defendant to the original declaration, and the verdict
was rendered against both of them. Before the entry
of judgment plaintiffs dismissed the case as to the
driver and were permitted to amend their declaration
to conform thereto. There was no abuse of discretion,
as claimed, in thus permitting what the statutes ex-
pressly provide may be done. (Chapter 110, ¶ 39;
ch. 7, ¶ 1, Cahill's Ill. St. 1922; *Kaspar v. People,* 230
Ill. 342.)

It is urged that a new trial should have been granted
because in support of the motion therefor defendant
offered the affidavit of one of its attorneys to the effect
that he had been informed that one of the jurors had
during the trial visited the scene of the accident and
was thus enabled to argue to the jury his knowledge of
a fact not ascertained from evidence introduced at the
trial. The affidavit did not state that the juror made
any use of his knowledge with the other jurors, or any
facts tending to show that defendant was prejudiced
by the incident. Hence we think the court properly
disregarded the affidavit.

As a further ground for error in denying the motion
for a new trial, it is urged that the damages assessed
were excessive. It is not questioned that the case is
one which comes within the provision of said section
29 (Cahill's Ill. St. ch. 48, ¶ 229), giving the employer
a right of action against the party causing the injury
where they and the injured employee are all bound by
the Workmen's Compensation Act. The decision of

the arbitrator, which was filed with the Industrial Commission and became its decision, was introduced in evidence. By its terms Haupt was entitled to $12 a week for a period of 291 weeks, also one week at $8 in addition, a total of $3,500, and thereafter a pension during life of $23.33 per month, on the theory that the injuries sustained caused complete disability rendering said employee permanently and wholly incapable of employment. The arbitrator found that compensation amounting to $805 had been paid and that Haupt was entitled to receive from his employer the sum of $24 which had accrued from February 10, 1921 to February 24, 1921, and that the remainder of the award was to be paid in weekly payments, the pension to be paid monthly. The jury's verdict was rendered March 6, 1921.

Plaintiffs then offered in evidence tables of mortality to show the employee's expectancy of life, which were rejected on the theory that such proof was incompetent to establish the expectancy of life of an injured person. So-called expert testimony of two physicians on the subject was then received without objection. The minimum expectancy of life of a hypothetical man with Haupt's past and present conditions, as testified to by them, was from 15 to 17 years. The jury brought in a verdict for $6,299.60, based, as conceded in appellees' argument, upon a life expectancy of 15 years and 31 weeks.

If the employee should live for that period of time he would be entitled under the award to the 291 payments, amounting to $3,500, and a pension for 10 years, amounting to $2,799.60, which together equal the amount of the judgment. Presumably, therefore, the jury's verdict was rendered upon the theory that the measure of damages was what the employee would receive under the award if he lived the period of his life expectancy as found by them. Such theory, however, is contrary to the interpretation of said section 29

given by the Supreme Court in *City of Taylorville v. Central Illinois Public Service Co.,* 301 Ill. 157, hereinafter referred to. If the judgment is excessive it is because it exceeds the amount of compensation recoverable in such a case under the act. While it is based upon incompetent proof that was not objected to, yet in view of the limit of compensation fixed by the act, and the limit of damages fixed by the award, we think the judgment was for an amount that could not have been recoverable at the time of the trial.

At the time of the verdict, March 4, 1921, about one week after the award was made, there was due and payable under it $24, as referred to therein, and one additional instalment of $12, in all $36. Up to that time plaintiffs themselves could not have been required to pay more than that sum, even if a judgment had been entered on the award under section 16 (g) of the Act. Can they then recover from defendant more damages than they had actually suffered at that time? In other words, can an employer in such an action recover as damages what he may have to pay his employee under the award in the future?

Our attention has not been called to a case where this precise question has arisen. What was said in the *City of Taylorville* case, *supra,* however, has much bearing upon it. That was a suit also brought by an employer under the provision of section 29 to recover against a third person for negligence in causing the injury where all three parties, employer, employee and said third person, are bound by the provisions of the act. Referring to the language of section 29 (Cahill's Ill. St. ch. 48, ¶ 229) that the employer may bring legal proceedings against such third persons "to recover the damages sustained in an amount not exceeding the aggregate amount of compensation payable under this Act," the court said: "Necessarily that would be so, because the amount paid by the employer is the limit of the damages suffered by him, regardless of the

amount of the actual damage.'' While in that case compensation had been commuted to a lump sum and been paid by the employer, yet the principle stated, limiting the employer's damages to what he has actually suffered, is applicable, we think, to the facts at bar and is in accordance with the intent of the statute, which does not contemplate that such third party shall be required to pay the employer a greater sum than the latter is required to pay his employee. The act evidently contemplates reimbursement to the employer only for the damages he has actually suffered.

It was also said in that case: ''Proof of the award by the Industrial Commission is admissible, not to prove damages or fix the amount to be recovered, but to establish a limit to the recovery.''

What was the limit of recovery therefore in this action? The evidence shows that plaintiffs had already paid the employee $815 as compensation, and $200 for medical and hospital services, as required under the act, and that there was due under the award at the time of the trial three instalments of $12 each. This aggregate sum of $1,051 was the limit of their liability at that time under the award and was the full measure of damages they had suffered at the time of the trial. That was all that was ''payable'' at that time ''under this act.'' Under its terms plaintiffs could not recover an amount exceeding what was then payable or due, the limit fixed by the award.

The employer's liability for future instalments is contingent upon the employee being alive when they mature, subject to certain exceptions not pertinent to this discussion. Section 21 of said Act (Cahill's Ill. St. ch. 48, ¶ 221) expressly provides that subject to certain provisions as to dependency upon the employee, ''any right to receive compensation hereunder shall be extinguished by the death of the person or persons entitled thereto.'' Subject to such provisions, should Haupt die before the expiration of his life ex-

pectancy, plaintiffs' liability under the award would cease, but under this judgment they might profit—possibly several thousand dollars—on the happening of such contingency. No such injustice could have been contemplated by the act. A construction that admits of it does violence to the plain intent of the statute which, we think, was to enable the employer to be reimbursed by the negligent party to an amount not exceeding the actual damages suffered by him.

Had plaintiffs desired to recover in one suit to the full extent of their liability, they could, under section 9 of the Act (Cahill's Ill. St. ch. 48, ¶ 209), have had the same fixed in a lump sum before they brought their suit. But the compensation being payable in instalments, they suffer damages only as they mature. As plaintiffs, therefore, have suffered no damages beyond what they have paid under the award and were liable for thereunder at the time of the trial (up to which time all damages suffered may be recovered in a personal injury action), we think their right to recovery was limited to the aggregate sum thereof, namely, $1,051. Whether or not a right of action will accrue to them as other instalments mature is not a question before us. Accordingly the judgment will be affirmed if there is a remittitur to the sum of $1,051 within 10 days herefrom, otherwise it will be reversed and the cause remanded.

*Affirmed on remittitur; otherwise reversed and remanded.*

GRIDLEY, P. J., and MORRILL, J., concur.