## MAYOR AND CITY COUNCIL OF BALTIMORE *vs.* ELI TERIO.

*Prayers—Variance—Demurrer to Evidence—Municipal Corporation—Negligence—Trash Can on Sidewalk—Proximate Cause of Injury—Question for Jury.*

A prayer that there is no evidence legally sufficient under the pleading to enable the plaintiff to recover; or one asking for a directed verdict for defendant because of a want of evidence, under the pleading, legally sufficient to prove any negligence on defendant's part, is insufficient, under Acts 1914, ch. 110, as a variance prayer.                                pp. 333, 334

A prayer that there is no evidence legally sufficient under the pleading to enable the plaintiff to recover; or one asking for a directed verdict for defendant because of a want of evidence, under the pleading, legally sufficient to prove any negligence on defendant's part, is not in proper form as a demurrer to the evidence.                                             p. 334

In an action against a city by one against whom a trash can was thrown as the result of its being struck by a truck wheel, *held* that there was evidence for the jury of the city's negligence in placing the can so near the curb as to be struck by the hub of a wheel while the wheel was still in the street.     p. 334

In the absence of evidence that plaintiff could, after discovering his peril, by the exercise of ordinary care, have avoided the injury, it was proper to refuse a prayer that in such case he could not recover.                                            p. 334

In an action against a city by one against whom a trash can was thrown by the impact of a truck wheel, a prayer that,

although the city was negligent in the location of the can, nevertheless the verdict should be for the city if the force of the blow would have moved the can even if the city had exercised reasonable care in its location, was properly refused, since if the city had exercised reasonable care in placing the can sufficiently far from the curb not to be struck by the hub of the truck wheel, the accident would not have happened.     p. 335

The question of the proximate cause of an injury is not a question of science or legal knowledge, but is one to be decided upon common sense principles in the light of the surrounding facts and circumstances.                              p. 335

The question of the proximate cause of an injury is ordinarily one for the jury, and is one of law for the court only when the facts are undisputed and are susceptible of but one inference.                              p  . 335

In an action by one struck by a trash can on the sidewalk, thrown from its position by the impact of the wheel of a truck in the roadway *held* that it was proper to refuse a prayer that as a matter of law the negligence of the city in the location of the can was not the proximate cause of the injury.  pp. 335, 336

The decision of 'the question whether defendant's negligence was the proximate cause of the injury involves the determination of whether the injury was the natural and probable consequence of defendant's negligence, and whether it might or ought to have been foreseen in the light of attending circumstances.                              p. 336

Where it is claimed that defendant's negligence was not the proximate cause of the injury, because the result could not reasonably have been foreseen, it is ordinarily a question for the jury whether it should reasonably have been foreseen.  p. 336

In an action against a city by one struck by a trash can forced from its position on the sidewalk by the impact of a truck, *held* that the truck owner's report to his employer in regard to the accident was properly excluded.             p. 337

The records of the traffic court, in a case against the driver of the truck, in which appeared the statements of the driver and of another person, was also properly excluded.       p. 337

*Decided February 6th, 1925.*

Appeal from the Superior Court of Baltimore City (CAR-
ROLL T. BOND, J.).

Action by Eli Terio against the Mayor and City Council
of Baltimore and others. From a judgment for plaintiff
against the defendant named in the sum of $6,500, the latter
appeals. Affirmed.

The cause was argued before PATTISON, URNER, ADKINS,
DIGGES, and PARKE, JJ.

*Allan Cleaveland* and *Eben J. D. Cross, Assistant City
Solicitors,* with whom was *Philip B. Perlman, City Solicitor,*
on the brief, for the appellant.

*Richard B. Tippett,* with whom were *Richard B. Tippett
& Sons* on the brief, for the appellee.

PATTISON, J., delivered the opinion of the Court.

This is an appeal from a judgment recovered in the Supe-
rior Court of Baltimore City, by the appellee, Eli Terio,
against the Mayor and City Council of Baltimore.

On November 7, 1921, between five and six o'clock P. M.,
a street car, with a trailer attached, operated by the United
Railway and Electric Company and headed east on Fayette
Street, stopped near the southwest corner of Fayette and
Holliday Streets to discharge passengers. Immediately be-
hind it, at the time, was a truck belonging to the Eastern
Cement Company, a partnership, which had stopped to await
the discharge of passengers from the car. After the passen-
gers had been discharged and the car had started on its way,
the truck proceeded to pass between the trailer and the curb
on the south side of Fayette Street. Soon after starting,
the car proceeded to make its turn northward from Fayette
Street into Holliday Street, and as it did so, the rear end
of the trailer swung toward the south curb of Fayette Street,
thereby greatly reducing the distance between the trailer and
the curb. The truck, at this time being directly opposite the
rear of the trailer, was struck by it and forced against the

curb, and the right rear portion of the truck came in contact with a can, a "trash receptacle for the collection of paper and other debris," placed upon the sidewalk by the Spotless Street System Company, with the consent of and under a contract with the city. The can, when struck by the truck, was carried or forced by it against a lamp post upon the sidewalk at that point, and with the onward movement of the truck it was forced past the lamp post, and when released therefrom, it was thrown across the sidewalk, striking the plaintiff, Eli Terio, who, at the time, was proceeding in a westerly direction, near the center of the sidewalk, inflicting personal injuries upon him. The appellee sued the Mayor and City Council of Baltimore, The United Railway and Electric Company, Harris D. Dassele and Gustav Glanzmanco, partners trading as The Eastern Cement Company, and the American Spotless System, to recover for the personal injuries sustained by him under the above circumstances.

The record discloses that the suit against the cement company was dismissed, in open court, by the plaintiff, and at the close of the plaintiff's case there was a directed verdict in favor of the railway company and the Spotless Street System Company. The case then proceeded against the city alone, and the judgment appealed from was entered upon a verdict rendered by the jury against the city.

In the course of the trial, four exceptions were taken to the rulings of the court. Two of these related to the evidence, and the others to the prayers.

We will first consider the fourth exception, which relates only to the ruling of the court upon the prayers offered at the conclusion of the evidence and which apply only to the case against the Mayor and City Council of Baltimore.

The city's first prayer asked that the jury be instructed that there was no evidence in the case legally sufficient, under the pleading, to entitle the plaintiff to recover; and the second prayer asked for a directed verdict for the defendant because of a want of evidence, under the pleading, legally sufficient "to prove any negligence on the part of the defendant, the Mayor and City Council." These prayers, if con-

sidered and treated as variance prayers, were properly refused, as they do not comply with the statute, chapter 110 of the Acts of 1914; and if intended as demurrers to the evidence, and are so treated, though, as we have held, not in proper form as demurrers, *Heath v. Michael,* 145 Md. 277, the court committed no error in refusing to grant them upon the evidence found in the record.

The court, we think, in submitting the defendant's negligence to the jury by the city's fifth prayer, properly disposed of that question.

It is contended by the plaintiff that the city was negligent in placing the trash can upon the sidewalk so near to the outer edge of the curb, and permitting it to remain there, as to be struck by the truck while upon the travel way of the street; and also, in not, in some way, securing the can in the location in which it was placed, so as to prevent its removal by persons upon the sidewalk from a place of safety to one of danger.

By the evidence of both the plaintiff and the defendant, the wheels of the truck never went upon the curb or sidewalk, and it was the hub of the wheel projecting over the curb that struck the can. As to the location of the can, the evidence is somewhat conflicting. Some of the witnesses located it near to the outer edge of the curb, while others placed it at a point too far therefrom, it would seem, to be struck by the hub of the wheel of the truck while the wheel was still in the roadway; but this could not have been so, for by the undisputed evidence in this case, it was struck by the hub while the wheel was still in the street. This evidence, we think, was sufficient to go to the jury as tending to show the negligence of the defendant in respect to the location of the can upon the sidewalk.

The court also refused the third, sixth, seventh and ninth prayers of the defendant. The instruction asked for in the third prayer was in effect that the plaintiff could not recover, if he, after discovering the position of peril in which he was placed, could, by the exercise of ordinary care have avoided the injuries complained of. This prayer was properly re-

fused, as there is no evidence tending to show that he, at such time, by ordinary care, could have avoided the injury.

By the sixth prayer the court was asked to instruct the jury that though they should find that the city was negligent in placing and maintaining the can in the manner described in the evidence, nevertheless, the verdict should be for the city, if they further found that the force of the blow which moved the can from its position, would have moved it had the city "exercised reasonable care in placing and maintaining" it. Apart from other objections that might be urged against it, this prayer is obviously defective, for the reason that had the city exercised ordinary or reasonable care, in locating the can sufficiently far from the outer edge of the curb, not to have been struck by the hub of the truck, the accident in this case would not have happened and the plaintiff would not have been injured.

The court was asked by the city's seventh prayer to say as a matter of law that the negligence of the city in not properly locating and maintaining the trash can was not the proximate cause of the injury suffered by the plaintiff.

Upon the facts and circumstances of this case, as disclosed by the record, the learned judge below, we think, correctly ruled in refusing this prayer.

The question of proximate cause of injury is in very many cases difficult of determination. It is not a question of science or legal knowledge, as is said in *Milwaukee and St. Paul Railway Co. v. Kellogg,* 94 U. S. 469; but one to be decided upon common sense principles in the light of the surrounding facts and circumstances of the case under consideration. *Pennsylvania Steel Company v. Wilkinson,* 107 Md. 582. And as said by Judge Alvey in *Baltimore and Potomac Railroad Company v. Reany,* 42 Md. 137, "the courts do not indulge in refinements and subtleties, as to causation, that would defeat the claims of natural justice." The true rule is that what is proximate cause of an injury is ordinarily a question for the jury. It is only when the facts are undisputed and are susceptible of but one inference, that the question is one of law for the court; and whether it will or will

not be a question for the jury will depend upon the facts of each case. 22 *R. C. L.,* page 31, and cases cited in note thereto.

Involved in the decision of the question, whether the negligence or wrongful act of the defendant is the proximate cause of the injury, is the determination of the further question whether the injury complained of was the natural and probable consequence of the defendant's negligence, and whether it was such as might or ought to have been foreseen in the light of attending circumstances. And where it is claimed that the defendant's negligence was not the proximate cause of the injury because the result could not reasonably have been foreseen, it too is ordinarily a question for the jury whether the result should reasonably have been foreseen. On the other hand, where it clearly appears that no one could, or ought to have anticipated the result of the negligent act, the question of the proximate cause has been held to be a question for the court. 22 *R. C. L.,* page 33, and cases there cited.

There can, we think, be no doubt as to the sufficiency of the evidence on the question presented by this prayer to take the case to the jury. The evidence discloses that the city either placed the trash can, or allowed it to be, in a position on the sidewalk close enough to the roadway of the street to be struck by the truck while it was upon such roadway, where it had the right to be; and the city knew of the danger and possible injury to which persons walking upon the sidewalk were subjected if the can was placed, or allowed to be in such a position, for it gave instructions to its employees, as testified by one of its witnesses, to place and maintain the cans at such distance from the curb that they would not be struck by vehicles passing upon the travel way of the street.

While the court refused to say, as a matter of law, that the negligence of the defendant was not the proximate cause, it did, however, by the city's eleventh prayer, submit such question to the jury for its finding.

The court, we think, also properly ruled in refusing the city's ninth prayer, for if it were in proper form, or other-

wise good, it had no application to the case under consideration.

The plaintiff's prayer, which was the usual prayer in such cases upon the measure of damages, was properly granted; and we find no reversible error in the court's rulings in the second exception, in which the court at the close of the plaintiff's case directed a verdict for the United Railways and Electric Company and the Eastern Cement Company.

The first and third exceptions relate to the evidence. The first of these was to the ruling of the court in not permitting Harris L. Dasselle, one of the firm of the Eastern Cement Company, when offered by the plaintiff, to answer upon cross-examination the question, "What did your driver (of the truck) report to you the night of the accident?" And the third exception is to the court's action in not allowing the defendant to offer in evidence the record of the traffic court in the case against the driver of the truck tried on the morning after the accident, in which appeared the statements in evidence of the driver and another, summoned to attend the trial. These exceptions appear to have been waived, as no mention of them is made in the brief, but if not waived, the court was clearly right in its rulings thereon.

As we find no reversible errors in the rulings of the court, the judgment appealed from will be affirmed.

*Judgment affirmed, with costs to the appellee.*