## MAYOR AND CITY COUNCIL OF BALTIMORE ET AL. *v.* WALKER ET AL.

[No. 47, October Term, 1955.]

*Decided December 6, 1955.*

456

The cause was argued before BRUNE, C. J., and DELA-PLAINE, COLLINS, HENDERSON, and HAMMOND, JJ.

*F. Clifford Hane, Assistant City Solicitor of Baltimore,* and *Robert D. Bartlett,* with whom were *Thomas N. Biddison, City Solicitor,* and *Edwin Harlan, Deputy City Solicitor,* on the brief, for the appellants.

*Harry L. Goldberg* for the appellees.

HENDERSON, J., delivered the opinion of the Court.

This appeal is from a judgment of $25,000 in favor of Robert Walker, and a judgment of $1,000 in favor of John Walker, on account of injuries sustained by them at 11:15 A.M. of a clear day, when the scaffold on which they were working was struck by a garbage truck owned and operated by the City. The Walkers had been employed as subcontractors to paint the front of a two-story dwelling, No. 31 North Smallwood Street, which abuts upon a 10 foot public alley. They were using a scaffold 18 feet 2 inches long and 2 feet wide. The house was 15 feet wide, and the scaffold extended 2 feet 6 inches into and over the alley, and had been lowered to a point 7 feet 3 inches above the sidewalk on Smallwood Street. There was no sidewalk in the alley. The garbage truck, 25 feet long and 7 feet 5 inches in width, came past the scaffold and was turning into the alley from Smallwood Street when it struck the protruding

end, causing the painters to fall to the ground. The cab, 7 feet in height, passed under the scaffold, which was struck by the body, 10 feet 3 inches in height. The appellants raised three questions: (1.) whether the trial court erred in refusing to admit in evidence certain sections of the Building Code of Baltimore City; (2.) whether the trial court erred in refusing to grant the appellants' demurrer prayers that the appellees were guilty of contributory negligence as a matter of law, and (3.) whether the trial court erred in charging the jury that there was no question of contributory negligence in the case.

On the first question, the appellants argue that a permit is required under Sec. 1300 of the Building Code of Baltimore City, Ordinance No. 1263, approved June 20, 1950. Robert Walker admitted that he had not asked for a permit, but testified that Mr. Zink, the general contractor, had a permit for the job. There was a proffer by the appellants through the witness, Brundick, Superintendent in charge of the permit and inspection division of the Bureau of Highways, "to prove the procedure of an application for a permit to do the work involved in this case and the circumstances surrounding the issuance of that permit". This falls short of a proffer to show that a permit was not obtained, or even that a permit is required for a painting operation. The procedure of issuance is not germane, and we find no error in the court's ruling, even if we assume, without deciding, that a failure to obtain a permit could be a proximate cause of the accident.

The appellants argue that Sec. 2492 of the Building Code is relevant and should have been admitted in evidence. This section provides that "In all cases during the time when any building or other structure is being constructed, erected, added to, altered, moved, razed or demolished, adequate and appropriate warning signs shall be posted in a conspicuous location at any and all points and places on the site of any of said operations, where any particularily dangerous or hazardous condi-

tion or conditions exist." It may be doubted whether this section is applicable at all to a painting operation, and in any event the scaffold was plainly visible and was in itself in the nature of a warning. The scaffold was not an obstruction to passing vehicles except when lowered to a point where it partially obstructed the alley, and what type of warning sign would be appropriate is not clearly indicated. The truck driver testified that he saw the scaffold and the men on it, and a warning sign that work was in progress would have afforded no better notice than the scaffold itself. Cf. *Klein v. United Rwys. & Elec. Co.*, 152 Md. 492, 504. Evidently he either failed to notice the protrusion, or miscalculated the amount of vertical clearance. The absence of a warning sign can hardly be considered the proximate cause of the accident. We think its exclusion was not error under the circumstances of the instant case.

The appellants contend that the action of the Walkers in extending their scaffold into the alley without warning, whether in violation of the ordinance or not, was negligence as a matter of law. But we think it was a question upon which the minds of reasonable men might differ. The appellants do not deny that there was legally sufficient evidence of primary negligence on the part of the truck driver, and since all negligence is relative, it is important to consider that the scaffold itself was in the nature of a warning. According to the testimony the projection was observed both by a truck driver headed out of the alley in the opposite direction and by a helper on the garbage truck, but their efforts to warn the garbage truck driver were unavailing or came too late. Apparently the driver could have observed the projection if his attention had not been centered upon maneuvering the truck so as to enter the alley without striking the wall of the house or the fence on the other side. It was brought out in cross-examination that he had given a statement to an officer after the accident that he "had noticed the scaffold protruding out past the building line" when he started to make the turn, and another wit-

ness testified he told John Walker "I saw you but I felt I could make it" and that "he thought he could clear the scaffold". Under the circumstances, the jury might well find that the protrusion was not a proximate cause of the accident, but that the accident was due to the failure of the driver to make sure that he had sufficient clearance. Cf. *Clarke v. United States*, 115 F. Supp. 14, and cases cited.

We think, however, that the court erred in ruling that the appellees were free from contributory negligence as a matter of law. Robert Walker testified that they had worked on the job for several days prior to the accident, and that when they quit work each day they pulled the scaffold to the second floor "where it is perfectly safe and no one can run into it". They knew, or should have known, that garbage and delivery trucks with high bodies used the alley, and there was a potential danger of collision when the scaffold was in a lowered position. There was no apparent need to extend the scaffold beyond the building line and the situation created was more deceptive than would have been the case if they had blocked the whole alley or hung their scaffold on the side. The appellees were naturally and properly preoccupied with their work. Yet they put themselves in a perilous position and were so oblivious of the peril which they might reasonably have anticipated that they did not observe the approaching truck or even at the last moment take hold of the safety ropes that might have prevented their fall. Under all the circumstances the jury might properly have found that they failed to exercise due care for their own safety.

The appellees rely strongly upon *Clarke v. United States, supra,* a non-jury case decided by Judge Chesnut. The defendant did not rely upon contributory negligence as a defense. If it can be said that the court in its verdict did pass upon contributory negligence, it did so as a matter of fact, and did not determine the evidence to be legally insufficient to present the question. In *Martin v. Sweeney,* 207 Md. 543, we affirmed a directed verdict

on the theory that a passenger who remained in a disabled automobile obstructing the fast lane of a dual highway, when she had time and opportunity to leave it, was guilty of contributory negligence as a matter of law. In *Baltimore v. Terio,* 147 Md. 330, we held that the action of the City in placing a trash receptacle so close to the curb that it was struck by the hub of a passing truck, with injury to a pedestrian, was sufficient evidence of negligence and proximate cause to take the case to the jury as against the City. Cf. *Penn. Steel Co. v. Wilkinson,* 107 Md. 574, 580. In the instant case it was the duty of the garbage truck driver to use reasonable care to ascertain that the alley was clear for passage, but it was the duty of the appellees to use reasonable care for their own safety under all the circumstances.

We have found no Maryland case directly in point and there is a paucity of authority elsewhere. However, the case of *Athas v. Fort Pitt Brewing Co.,* 324 Pa. 313, 188 A. 113, is quite similar on its facts. There the court said: "The driver of the truck, carrying such a high load, was bound to see whether there was clearance for it before he passed under the bridge. * * * So too was the question whether plaintiff was contributorily negligent in standing where he did for the jury." The plaintiff was there engaged in painting from a scaffold a bridge across a public street. See also *Bauer, et al. v. Rusetos & Co.,* 225 Ill. App. 37; *Hartray v. The A. T. Willett Co.,* 232 Ill. App. 193; *Sheridan v. Interborough Rapid Transit Co.,* 91 N. Y. S. 1052; and *Baumann v. Hutchinson,* 245 N. W. 596 (Neb.). Other cases are collected in a note 5 A. L. R. 2d 757, 834, *et seq.* In all of these cases it would appear that the holdings were simply that the cases were properly submitted to the jury on the issues of primary and contributory negligence, although varying stress was laid upon the relative duties of the parties.

*Judgments reversed and case remanded for a new trial, with costs.*