Leonard J. JENARD, Jr.

v.

James HALPIN et al.

No. 88–535–Appeal.

Supreme Court of Rhode Island.

Dec. 21, 1989.

Leonard Decof, John S. Foley, Decof & Grimm, Providence, for plaintiff.

Joseph F. Penza, Jr., Olenn & Penza, Warwick, Fred Joslyn, Cranston, for defendants.

Before FAY, C.J., and KELLEHER, WEISBERGER, MURRAY and SHEA, JJ.

## OPINION

PER CURIAM.

On December 7, 1989, counsel for the litigants in this Superior Court wrongful-death action appeared before this court to show cause why the issues presented in the plaintiff's appeal should not be summarily decided.

The defendants in this action are the city of Pawtucket and two members of the Pawtucket police department who have been sued for their alleged negligence in pursuing plaintiff's thirteen-year-old son. In late March 1982, plaintiff's son was operating a "dirt bike" along with two others when defendants attempted to stop them because both the deceased and his friends were operating unregistered motor vehicles. When the police initiated the stopping maneuver, the youths accelerated the bikes and rode off with defendants in pursuit.

Sometime during the chase the deceased and his companions took different routes. The police then pursued the deceased at speeds of up to thirty to thirty-five miles per hour for about a mile. During this period the deceased ignored five stop signs and drove up a one-way street the wrong way.

The police, however, gave up the chase when it became apparent to them that the driver was heading into Slater Park, an area into which the police had no access. As the deceased headed to the park, he continued through an intersection without diminishing speed and collided with another vehicle. The injuries he received as a result of the collision were fatal.

In his charge to the jury the trial justice reminded the jurors that in their deliberations they were confronted with the issues of "whether the defendants were negligent and whether the defendants' negligence was a proximate cause of that accident." He also emphasized that if the jury found defendants negligent, the jury was still required to determine if plaintiff had sustained the burden of showing that the negligence was the proximate cause of the injuries and fatality.

A verdict sheet was submitted to the jury, and it indicates that the jury was of the belief that all defendants were negligent but that their negligence was not the proximate cause of the decedent's death. The jury also responded to two issues on the sheet relative to assessing comparative

liability. The jury attributed 60 percent of the negligence to the decedent and 40 percent to defendants.

The plaintiff has argued that the jury's voluntary assessment of comparative liability when it was not an issue is a case of confusion experienced by the jury. The trial justice, however, determined that despite these responses relative to comparative negligence on the verdict sheet, it was obvious that the jury had found that defendants' actions were not the proximate cause of the injuries and fatality. In making this observation, he commented that there were "many, many objective opportunities for the jury to find negligence without proximate cause."

It is well settled that in order to gain recovery in a negligence action, a plaintiff must establish a legally cognizable duty owed by a defendant to a plaintiff, a breach of that duty, proximate causation between the conduct and the resulting injury, and the actual loss or damage. *Atlantic Home Insulation, Inc. v. James J. Reilly, Inc.*, 537 A.2d 126, 128 (R.I.1988). Here the record clearly indicates that the trial justice's instructions in regard to the element of proximate cause were right on target.

■ The jury's proximate-cause determination finds support in the evidence, and it is clear that at one point the officers had stopped their vehicle and abandoned the chase by the time of the fatal collision. There had also been a break at one point in the chase when the deceased pulled off the road and stopped and the defendants also stopped their vehicle.

After an examination of the record, memoranda, and arguments of counsel, this court is of the opinion that the trial justice, in his consideration of the defendant's motion for a new trial, discharged his duties in an exemplary fashion. The plaintiff's appeal is denied and dismissed, and the judgment appealed from is affirmed.