DECISION
This matter came before the Superior Court, sitting without a jury, on February 21, 1996, on the appeal of Eustaquio D. Albizu (plaintiff) from a verdict in favor of Jose Rodriquez (defendant) rendered in the Sixth Division District Court. Jurisdiction in this court is pursuant to G.L. 1956 § 8-2-17.
Facts and Travel
The plaintiff alleges that on or about August 19, 1991, defendant "negligently cut a very large tree on his property causing said tree to fall on Plaintiff's property and causing great damage to Plaintiff's garage and automobile." In particular, plaintiff argues that defendant cut the branches of the tree into "small trunks" and that these trunks penetrated the roof of plaintiff's garage and came to rest on plaintiffs 1970 GTO convertible. The defendant denies these allegations and instead asserts that "an intervening cause (allegedly Hurricane Bob), completely beyond the control of the defendant, gave rise to the alleged harm complained of in said complaint."
On October 23, 1992 plaintiff instituted a negligence action in the Sixth Division District Court. The matter came to be heard on October 19, 1993. Following a decision in favor of defendant, plaintiff appealed to this court pursuant to Rule 73 of the District Court Civil Rules. This court conducted a de novo review on February 21, 1996.
The Negligence Count
The controlling legal principle is familiar. In order for plaintiff to recover in his negligence action he "must establish a legally cognizable duty owed by [the] defendant * * *, a breach of that duty, proximate causation between the conduct and the resulting injury, and the actual loss or damage." Jenard v.Halpin, 567 A.2d 368, 370 (R.I. 1989) (Emphasis added).
In the instant case, the causal connection between defendant's alleged negligence and plaintiffs alleged injury is, at best, tenuous. However, even assuming that liability rests with defendant, the court concludes that plaintiff has failed to prove the element of damages. The plaintiff presents sworn affidavits from a general building contractor and an automobile repair technician purporting to establish the extent of damage to both the garage and automobile. He contends that these affidavits, along with various testimony at trial, constitute "sufficient evidence" of damages. The plaintiff cites to G.L. 1956 § 9-19-28 for support. This section, in pertinent part, provides:
 "an itemized statement of the estimated cost of repairing said damaged property, including the cost of replacement parts and labor, which has been subscribed and sworn to under the penalties of perjury by the person making said repairs or under whose direction said repairs were made, or by the person giving said estimate, or under whose direction such estimate was prepared, shall be admissible as evidence of the fair and reasonable cost of repairing such damage and shall constitute prima facie evidence of the reasonable cost of the repairs thereof."
Although plaintiff submitted two affidavits in accordance with this section, this court finds that he has failed to sustain the burden of persuasion on the element of damages by a fair preponderance of the credible evidence.
For these reasons plaintiffs appeal is denied. Additionally, defendant's motion for costs is denied.
Counsel shall prepare the appropriate order for entry of judgment.