Kathleen GELOSO et al.

v.

James KENNY et al.

No. 2001–391–Appeal.

Supreme Court of Rhode Island.

Dec. 19, 2002.

Kevin F. Bowen, Providence, for Plaintiff.

Fain P. Gildea, Robert G. Clark, III, Brockton, MA, for Defendant.

Before WILLIAMS, C.J., LEDERBERG, FLANDERS, and GOLDBERG, JJ.

## OPINION

PER CURIAM.

The plaintiffs, Kathleen and Harlow Geloso (Kathleen and Harlow or plaintiffs), appeal from a Superior Court's judgment in favor of the defendants James and Nora Kenny's (James and Nora or defendants) motion *in limine* seeking to preclude expert testimony and motion for judgment as a matter of law. This case came before the Supreme Court for oral argument on November 4, 2002, following an order di-

recting the parties to appear and show cause why the issues raised in this appeal should not summarily be decided. Having reviewed the record and the parties' briefs, and having considered the oral arguments, we are of the opinion that cause has not been shown and proceed to decide the appeal at this time. For the reasons indicated below, we affirm the judgments for the defendants.

The facts of this case read like a law school exam question. Kathleen, a resident of Connecticut, visited her sister and brother-in-law, Nora and James, in Rhode Island on September 28, 1994, for an overnight stay. As she exited the front door on her way to church the next morning, her knee gave out and she fell down the three-step stairway, seriously injuring herself. She was sixty-one years old when she fell. The concrete stairway consisted of three steps and a landing leading to the front door. There were no handrails in place when Kathleen fell. No one witnessed the fall, and Kathleen could not remember the mechanics of her fall. Kathleen eventually required a total replacement of her left hip. She sued defendants for her injuries, asserting that they negligently had failed to provide a handrail on the stairs.

Before trial, the trial justice granted defendants' motion *in limine* to preclude expert testimony concerning alleged building code violations. In 1977, the state building code required handrails on stairways such as the one at issue. The defendants' house, however, was constructed before 1977, and therefore was "grandfathered in," and the code did not apply. The plaintiffs argue, however, that when James attached a "temporary" handrail to the stairway in 1984 to assist his mother, who was living with them at the time, he subjected his home to the newer regulations. The trial justice found that the "temporary" handrail did not satisfy code specifications and therefore did not bring the Kenny residence within the purview of the newer regulations. Based on that finding, the trial justice determined that expert testimony on alleged code violations was irrelevant because defendants maintained their "grandfathered" status.

At trial, Kathleen produced evidence that James installed a handrail for his elderly mother, removed it to complete house repairs and did not reattach it until after Kathleen's fall. Kathleen argues that she would not have fallen if the handrail had been in place. In fact, she testified that it was her habit to use handrails on a regular basis and that she had used the handrail at the Kenny residence in the past. Furthermore, she testified that on two other occasions when her knee gave out she was able to "catch" herself by grabbing some other object, such as a chair. Finally, Kathleen illustrated the manner in which she uses a handrail.

At the close of plaintiffs' case, the trial justice granted defendants' motion for judgment as a matter of law because she concluded that plaintiffs failed to show proximate cause between defendants' alleged negligence and Kathleen's injuries. The trial justice pointed out that she was not relying on the supposed dangerous condition of the stairs, even though she found that the evidence was weak on that point. Instead, the trial justice explained that proving negligence is not enough to establish liability; the negligence must also be the cause of the injury. In this case, according to the trial justice, there simply was no evidence linking the lack of a handrail to Kathleen's injuries. Therefore, she found that, as a matter of law, there was no proximate cause. The plaintiffs timely appealed.

## I

### Expert Testimony

██ "[T]he determination of the admissibility of an expert witness's testimony rests within the sound discretion of the trial justice and will not be disturbed on appeal absent an abuse of discretion." *Morra v. Harrop*, 791 A.2d 472, 476 (R.I. 2002) (citing *State v. Capalbo*, 433 A.2d 242, 246–47 (R.I.1981) and *State v. Benton*, 413 A.2d 104, 113 (R.I.1980)). A review for abuse of discretion requires us to examine the ruling to ensure that the trial justice's discretion "has been soundly and judicially exercised, * * * with just regard to what is right and equitable under the circumstances and the law." *Debar v. Women & Infants Hospital*, 762 A.2d 1182, 1185–86 (R.I.2000) (quoting *DeBartolo v. DiBattista*, 117 R.I. 349, 353, 367 A.2d 701, 703 (1976)).

The trial justice precluded expert testimony on alleged building code violations because she determined, and we agree, that defendants were not required to abide by the code. If defendants are not bound by the code, then expert testimony on building code violations is inadmissible as irrelevant evidence. *See* R.I. R. Evid. 402. In *Rodriquez v. Kennedy*, 706 A.2d 922, 924 (R.I.1998), this Court affirmed the trial justice's exclusion of expert testimony on noncompliance with building code requirements for a handrail because the building was exempt from the applicable code. This clearly supports the trial justice's conclusion in the case at bar.

The trial justice's decision to grant defendants' motion *in limine* was not willful and arbitrary, but rather was well-reasoned and complied with the rules of evidence as well as precedent of this Court. Accordingly, we find no abuse of discretion.

## II

### Judgment as a Matter of Law

██ This Court applies the same rules and standards as the trial justice when reviewing a decision on a motion for judgment as a matter of law. *See Mello v. DaLomba*, 798 A.2d 405, 409 (R.I.2002) (citing *Malinowski v. United Parcel Service, Inc.*, 792 A.2d 50, 55 (R.I.2002)). In ruling on a Rule 50 motion, a trial justice:

> "considers the evidence in the light most favorable to the nonmoving party, without weighing the evidence or evaluating the credibility of witnesses, and draws from the record all reasonable inferences that support the position of the nonmoving party. * * * If, after such a review, there remain factual issues upon which reasonable persons might draw different conclusions, the motion for [judgment as a matter of law] must be denied, and the issues must be submitted to the jury for determination." *Mello*, 798 A.2d at 409 (quoting *Malinowski*, 792 A.2d at 55).

In this case, the trial justice applied the correct standard. She went through plaintiffs' evidence methodically and explained that to recover, plaintiffs must prove that Kathleen's fall was proximately related to a dangerous condition that existed at the time of the injury. According to the trial justice, the only evidence indicating a dangerous condition was the absence of a handrail. Based on that evidence, the trial justice indicated that she would have allowed a jury to determine whether the absence of a handrail constituted a dangerous condition. The trial justice, however, granted defendants' motion for judgment as a matter of law because she found that there was no evidence to illustrate that the absence of a handrail was the proximate cause of Kathleen's fall.

██ "It is well settled that in order to gain recovery in a negligence action, a plaintiff must establish * * * proximate causation between the conduct and the re-

sulting injury, and the actual loss or damage." *English v. Green*, 787 A.2d 1146, 1151 (R.I.2001) (quoting *Jenard v. Halpin*, 567 A.2d 368, 370 (R.I.1989)). In the past, this Court has held that "[p]roximate cause is established by showing that but for the negligence of the tortfeasor, injury to the plaintiff would not have occurred." *Id.* (quoting *Skaling v. Aetna Insurance Co.*, 742 A.2d 282, 288 (R.I.1999)). The question of whether proximate cause exists is for the fact finder. *See DiQuinzio v. Panciera Lease Co.*, 641 A.2d 50, 54 (R.I.1994) (citing *Rodrigues v. The Miriam Hospital*, 623 A.2d 456, 461 (R.I.1993)). "It is only when the facts are undisputed and are susceptible of but one inference, that the question is one of law for the court * * *." *Schenck v. Roger Williams General Hospital*, 119 R.I. 510, 517, 382 A.2d 514, 518 (1977) (quoting *Mayor & City Council v. Terio*, 147 Md. 330, 128 A. 353, 355 (1925)).

The trial justice concluded that the facts in this case were susceptible of only one inference—that there was insufficient evidence tending to prove that the absence of a handrail was the proximate cause of plaintiff's fall. As a result, she granted defendants' motion for judgment as a matter of law. We disagree and conclude that there was sufficient evidence for a jury to find proximate cause.

In commenting on the evidence, the trial justice stated that "[t]he problem is this: there is no evidence, even in a light most favorable to the plaintiff[s], that the mechanism of [Kathleen's] fall was such that she would have prevented it if the handrail had been present. * * * It's pure speculation to suggest that this single piece of wood would have prevented the fall." However, we are satisfied that, when viewed in the light most favorable to plaintiffs, there was evidence permitting reasonable minds to disagree about whether a handrail would have prevented Kathleen's fall.

At trial, Kathleen testified that her knee gave out on previous occasions and she was able to avoid falling by grabbing onto a chair or other object. Furthermore, Kathleen testified that it was her habit to use handrails and that she had used the handrail at issue at defendants' home in the past. Thus, a jury could have found proximate cause notwithstanding other evidence suggesting that Kathleen would not have used a handrail, including evidence that at the time of the fall Kathleen was carrying a handbag over her left shoulder (the arm she says she would have grabbed the handrail with) and that she was "flying through the air" with her hands outstretched in front of her to brace herself.

We have stated previously that " '[c]ausation is proved by inference' and, although [p]roof by inference need not exclude every other possible cause, * * * it must be based on reasonable inferences drawn from the facts in evidence." ' *Martinelli v. Hopkins*, 787 A.2d 1158, 1169 (R.I.2001) (quoting *McLaughlin v. Moura*, 754 A.2d 95, 98 (R.I.2000) and *Skaling*, 742 A.2d at 288). A reasonable inference could be drawn tending to establish that, had there been a handrail in place when she stumbled, Kathleen would have avoided a fall.

However, although a jury could have found proximate cause, the trial justice correctly kept the case from the jury because defendants had no duty to provide a handrail. "Whether a duty exists in a particular case is a question of law * * *." *Santucci v. Citizens Bank of Rhode Island*, 799 A.2d 254, 256 (R.I.2002) (citing *Ohms v. State Department of Transportation*, 764 A.2d 725, 727 (R.I.2001)). "It is a well-established rule that the Supreme Court will sustain the correct judgment of a lower court decision even though it does not accept that court's reasoning." *Costa v. Gagnon*, 455 A.2d 310, 313 (R.I.1983) (citing *State v. Ibbison*, 448 A.2d 728 (R.I. 1982)). Therefore, we affirm the trial justice's decisions.

There are several factors that may be considered in determining whether a duty exists, such as "the foreseeability and likelihood of the injury to the plaintiff, the connection between the defendant's conduct and the injury suffered, the policy of preventing future harm, and the consequences to the defendant and to the community of imposing a duty of care on the defendant with resulting liability for breach." *Santucci*, 799 A.2d at 257. The foreseeability and likelihood of injury due to the absence of a handrail is best illustrated by James's description of the stairs that he gave at trial. "The stairs in the front are nine feet wide; and when you come out the front door, you're in the middle of the stairs, four feet from any edge; and most people go right down the stairs." When the handrail was present, it merely served as an aid for James's elderly mother, and it was not foreseeable that the absence of a handrail tacked onto the front of the house and the column or pole attached to the stairs would cause an injury.[1]

The operative question in this case is: does a land owner or occupier who is in compliance with local codes and ordinances and whose property is not in disrepair have a duty to provide a safeguard such as a handrail, that *might* allow an invitee or licensee to break a fall should he or she stumble because of a preexisting medical condition? We conclude that no such duty exists. The connection between Kathleen's injury and the absence of a handrail is too far attenuated. To impose a duty of care on the defendants in this case would require homeowners to take unreasonable prophylactic measures to insure against injuries on their property, especially when the applicable code provisions do not re-

quire them to do so. We will not impose such a duty in the circumstances of this case.

## Conclusion

The plaintiffs' appeal is denied and dismissed and the judgment of the Superior Court is affirmed. The papers of the case may be returned to the Superior Court.

---

1. The photograph of the stairway and handrail at issue illustrate that the handrail was attached to the front of the house and a col-

umn at the bottom of the stairs and was not accessible from the entire stairway.