June 29, 2021

**Supreme Court**

No. 2019-490-Appeal.
(KC 15-120)

Betty Belmore                    :

v.                               :

Cheryl Petterutti.               :

NOTICE:   This opinion is subject to formal revision before publication in the Rhode Island Reporter.  Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone (401) 222-3258 or Email    opinionanalyst@courts.ri.gov,    of    any typographical  or  other  formal  errors  in  order  that corrections may be made before the opinion is published.

Betty Belmore          :

v.                     :

Cheryl Petterutti.     :

Present:  Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ.

**O P I N I O N**

**Justice Robinson, for the Court.**  This case arose as a result of a slip-and-fall incident that occurred on the property of the defendant, Cheryl Petterutti.  As a consequence of that fall, the plaintiff, Betty Belmore, suffered multiple injuries that required numerous reparative surgeries.  The plaintiff thereafter filed suit in Kent County Superior Court, alleging negligence on the part of the defendant and seeking damages for the plaintiff's injuries.  In due course, the defendant moved for summary judgment, which motion was granted by the hearing justice; and judgment entered in the defendant's favor.  The plaintiff then timely appealed to this Court.  This case came before the Supreme Court for oral argument pursuant to an order directing the parties to show cause why the issues raised in this appeal should not be summarily decided.  After examining the written and oral submissions of the parties, we are of the opinion that cause has not been shown and

- 1 -

that the appeal may be resolved without further briefing or argument. For the reasons set forth in this opinion, we vacate the judgment of the Superior Court.

## I

## Facts and Travel

On February 10, 2015, plaintiff filed a complaint in Kent County Superior Court alleging that she had fallen down the exterior stairs of defendant's house in Warwick, Rhode Island, "due to the fact that there was no hand railing installed on the stairs * * *." She further alleged that defendant's "failure to install and maintain hand railings was negligent and in direct contravention to Rhode Island statutory duty * * *." Thereafter, discovery ensued.

On August 9, 2018, plaintiff was deposed. During that deposition, she stated that she knew defendant because she had served as a babysitter for defendant's children on numerous occasions. She added that, even after she no longer served as a babysitter at defendant's residence, she continued her relationship with defendant, whom she considered to be "a good friend." The plaintiff further stated at her deposition that, in addition to having gone to defendant's house to babysit the children, she had also been there several times for social visits, including as a guest at defendant's annual Christmas Eve dinner, to which event plaintiff was invited consistently for ten years.

The plaintiff stated that, on June 20, 2012, she went to defendant's house to deliver a bouquet of flowers from a birthday party that defendant had missed earlier that day. She noted that, in order to access the front entrance of the house, she had to climb "12 cement steps"[1] which were "narrow and with no banister." The plaintiff stated that, even though she was "so familiar with the steps" as a result of having used them on many occasions, after she exited the house she "went all the way down to the bottom [and] fell on the gravel driveway * * *." She conceded that she did not know what caused her fall, and she also conceded that she had not tried to grab anything for support as she was falling. The plaintiff stated that, as a result of that fall, she injured her left shoulder and wrist, as well as both knees; she added that, in the several years after she sustained those injuries, she underwent multiple reparative surgeries.

On June 21, 2019, defendant filed a motion for summary judgment on the grounds that plaintiff was "unable to prove that a dangerous condition existed" on the property to which she could attribute her fall. The defendant further averred that summary judgment at this stage was proper because she was "under no legal duty to install handrails on the front stairs of her premises." In support of her

---

[1]    Based on defendant's deposition testimony as well as what is depicted on photographs of defendant's property which were entered as exhibits during her deposition, it is clear that the subject stairs consisted of only six steps.

argument, defendant attached to her motion a letter from James Younger, AIA,[2] whom she had retained as an expert for this matter. In that letter, Mr. Younger stated:

> "While the plaintiff claims that the exterior steps required a handrail, the state building code in effect at the time includes a grandfathering provision. The Rhode Island State Building Code, SBC-2, 10th edition, was in effect in 2012 on the date of the accident. That code presumed existing buildings to meet provisions of the codes in effect when built and allowed existing buildings and occupancies to continue without change unless otherwise cited by the building official * * *. No handrail is required on this exterior step."

The plaintiff subsequently filed an objection to that motion, arguing that "there are genuine issues of material facts which exist and require jury determination, namely, the absence of handrails which was a contributing factor to the plaintiffs [*sic*] fall; the fact that defendant had knowledge of the defect and failed to correct said defect." Attached to plaintiff's objection was a letter from her own expert, which stated in pertinent part:

> "The stairs on which [plaintiff] fell and was injured do not have handrails. The building code for one and two family residences calls for at least one handrail on stairs having three or more risers. While the residence in question *may* be grandfathered relative to the building code, the stairs without handrails are dangerous

---

[2] The AIA designation may be used by members of The American Institute of Architects. *See* https://www.aia.org/pages/79961-using-the-aia-designation (last visited June 28, 2021).

especially to people with disabilities or senior citizens." (Emphasis added.)

On November 12, 2019, the parties were heard with respect to defendant's motion for summary judgment and plaintiff's objection thereto. At that hearing, the crux of plaintiff's argument was that, even if the exterior stairs were in compliance with the building code at the time of the fall, defendant was nonetheless liable under a negligence standard. The defendant, on the other hand, argued that "[t]he standard [in Rhode Island] is whether it was safe and complaint [*sic*] with the building code and maintained in a reasonably safe condition on the date of the loss, and unquestionably it was." After hearing arguments from both parties, the hearing justice stated as follows:

> "[T]he Court is reluctant to -- there is a duty here. I understand the duty. Both there's a duty on the part of the landlord and there's a duty on the part of the plaintiff to care for herself, of course. And normally questions of breach of duty are questions for the jury. They are not susceptible of summary adjudication normally.
> "* * * But also one resisting summary judgment must assert sufficient facts to satisfy the necessary elements of his or her negligence claim, and if a plaintiff fails to present evidence identifying defendant's negligence as the proximate cause of his or her injury, or from which a reasonable inference of proximate cause may be drawn, then summary judgment becomes proper. * * *
> "In this case [plaintiff] can't even indicate how she fell, nor can she show that the defendant was responsible in any way *or that there was proximate cause* from the act of the defendant to cause the fall and therefore summary judgment is granted." (Emphasis added.)

The plaintiff thereafter timely filed a notice of appeal to this Court.

**II**

**Standard of Review**

"This Court reviews the granting of summary judgment *de novo* and applies the same standards as the motion justice." *Holley v. Argonaut Holdings, Inc.*, 968 A.2d 271, 274 (R.I. 2009) (internal quotation marks omitted). We have stated that we will "examine the evidence in a light most favorable to the nonmoving party, and we will affirm the judgment if we conclude that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law." *Ouch v. Khea*, 963 A.2d 630, 632 (R.I. 2009). We have also emphasized that the "purpose of the summary judgment procedure is issue finding, not issue determination." *Walsh v. Lend Lease (US) Construction*, 155 A.3d 1201, 1205 (R.I. 2017) (internal quotation marks omitted); *see also Steinberg v. State*, 427 A.2d 338, 340 (R.I. 1981) ("[I]n ruling on a motion for summary judgment, the [hearing] justice must look for factual issues, not determine them.").

**III**

**Analysis**

On appeal, plaintiff argues that the hearing justice erred in granting summary judgment in favor of defendant because there remained genuine issues of material fact that should have been submitted to the jury. The plaintiff more

specifically contends that: (1) she "presented competent evidence sufficient to raise a genuine issue of material fact as to whether one or more of the unremedied dangerous conditions caused her to slip and fall;" and (2) the exterior stairs in front of defendant's house "presented unsafe conditions sufficient enough to raise a genuine issue of material fact as to whether the defendant possessed constructive knowledge of these unsafe conditions." The plaintiff further avers that, "[i]n deciding that owners of historic buildings do not have a duty to remedy unsafe conditions, [the hearing justice] erred as a matter of law."

The defendant, on the other hand, argues that all of plaintiff's arguments must fail. In particular, she first contends, that, pursuant to this Court's raise-or-waive rule, plaintiff has "waived her argument that the stairway is not subject to grandfathering protection[.]" She next argues that the subject premises is "grandfathered from compliance with the handrail requirement of the building code" and that, therefore, she had no duty to provide a handrail. She finally argues: (1) that plaintiff failed to raise a genuine issue of material fact as to what caused her fall; and (2) that, by failing to raise below any argument as to any "new dangerous condition" which may have caused the fall, she has waived such argument on appeal.

However, we need not grapple with these competing arguments in this opinion. It is not necessary for us to venture into that terrain because the hearing

justice, with very little explanation, simply stated that there existed a duty "on the part of the landlord" as well as "on the part of the plaintiff," but then directly proceeded to grant the motion for summary judgment in favor of defendant because plaintiff could not indicate the cause of her fall or show that defendant was "responsible in any way or that there was *proximate cause* from the act of the defendant to cause the fall * * *." (Emphasis added.)

After careful consideration of the travel of this case to date, it is our view that the grant of summary judgment must be vacated and the case should be remanded to the Superior Court for further proceedings. The plain blunt fact is that the hearing justice chose to predicate his grant of summary judgment on his determination that there was no showing of proximate cause.

The hearing justice's ruling is inconsistent with this Court's precedent with respect to negligence actions. It is clear from our precedent that "[o]rdinarily the determination of proximate cause * * * is a question of fact that should not be decided by summary judgment." *Splendorio v. Bilray Demolition Co., Inc.*, 682 A.2d 461, 467 (R.I. 1996). By focusing on proximate causation in determining whether or not to grant defendant's motion for summary judgment, the hearing justice passed upon an issue that is ordinarily inappropriate for summary judgment; and we perceive nothing about this case that would make that ordinary principle inapplicable here. Therefore, the hearing justice erred in granting the motion for

summary judgment for the reason that he gave.  Accordingly, we vacate the grant of summary judgment, and we remand this case to the Superior Court for further proceedings.[3]

## IV

## Conclusion

For the reasons set forth in this opinion, we vacate the judgment of the Superior Court.  We remand the case to that tribunal for such further proceedings not inconsistent with this opinion as may be required.

---

[3]  We pause to note that defendant has cogently raised *Geloso v. Kenny*, 812 A.2d 814 (R.I. 2002), a case we distinguish because it was decided on proximate cause after plaintiff had presented her case at trial and which was dismissed on a motion made pursuant to Rule 50 of the Rhode Island Rules of Civil Procedure. We note that the hearing justice decided the instant case at summary judgment and, further, that the issue of duty is not before us in this case.



# STATE OF RHODE ISLAND

## SUPREME COURT – CLERK'S OFFICE

Licht Judicial Complex
250 Benefit Street
Providence, RI  02903

## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | Betty Belmore v. Cheryl Petterutti. |
| **Case Number** | No. 2019-490-Appeal. <br> (KC 15-120) |
| **Date Opinion Filed** | June 29, 2021 |
| **Justices** | Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ. |
| **Written By** | Associate Justice William P. Robinson III |
| **Source of Appeal** | Kent County Superior Court |
| **Judicial Officer from Lower Court** | Associate Justice Jeffrey B. Lanphear |
| **Attorney(s) on Appeal** | For Plaintiff: <br><br> Ronald J. Resmini, Esq. |
| | For Defendant: <br><br> Richard Finnegan, III, Esq. |