Joanne S. OHMS

v.

**STATE of Rhode Island DEPARTMENT OF TRANSPORTATION et al.**

**No. 99–187–Appeal.**

Supreme Court of Rhode Island.

Jan. 19, 2001.

Susan Carlin, Providence, for Plaintiff.

Ronald Langlois, Lauren D. Wilkins, George H. Rinaldi, Richard B. Woolley, Providence, for Defendant.

Present WEISBERGER, C.J., LEDERBERG, BOURCIER, FLANDERS, and GOLDBERG, JJ.

## OPINION

PER CURIAM.

This case came before the Court for oral argument on December 5, 2000, pursuant to an order that had directed both parties to appear in order to show cause why the issues raised by this appeal should not be summarily decided. After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown and that the issues raised by this appeal should be decided at this time. The facts insofar as pertinent to this appeal are as follows.

On or about August 5, 1994, plaintiff, Joanne S. Ohms (plaintiff), leased a moped from Aldo's Mopeds, Inc. (Aldo's) to tour Block Island. She signed a lease agreement that contained the following warning:

"Lessee acknowledges that operation of the leased property entails risk of accidental bodily injury to Lessee or Lessee's passengers due to the inherent danger in operation of said property due to its unique design, characteristics and the hazardous travel conditions presented [on] Block Island. Lessee agrees to comply with all State regulations, statutes and laws with the operation, use and possession of this moped, wear a helmet and eyewear [sic ] at all times and remain on paved roads."

The plaintiff had driven a moped on Block Island approximately four times before leasing one this time from Aldo's.

After test driving the moped to determine whether it was properly functioning, plaintiff explored a portion of the island that she had not previously explored. During the course of her tour, she went on a road called Mohegan Trail. She had not previously been on this road, either on a moped or in a car. As she entered a turn leading to Mohegan Trail, her moped tipped and "went down" on the road. After she fell, plaintiff noticed a large amount of gravel, pebbles, and debris in the road. She contends that the moped "went down" as a result of hitting the gravel, pebbles, and debris. The plaintiff suffered a shoulder injury and a large gash, multiple abrasions, and contusions on her right leg.

The plaintiff brought an action against Aldo's for negligence, alleging that it had failed to warn her of known and/or foreseeable conditions that existed on roads on which people might drive a moped on Block Island, where the lease had taken place. The plaintiff did not contend before the Superior Court that there was any defect in the moped itself.

On March 5, 1999, a justice of the Superior Court granted Aldo's motion for summary judgment, holding that Aldo's did not have a duty to warn lessees of its vehicles about dangerous conditions that exist on public roads, upon which they might travel. The motion justice further noted that the lease agreement signed by plaintiff warned her about the dangers inherent in operating a moped, including the hazardous road conditions on Block Island.

The plaintiff appealed from the entry of summary judgment in favor of Aldo's. She appealed, even though all the issues in the case had not been decided, pursuant to an order entered by the trial justice in accordance with Rule 54(b) of the Superior Court Rules of Civil Procedure, indicating that there was no reason for delay.

 In reviewing the granting of summary judgment, this Court is bound by the same rules and standards as are applicable to the motion justice:

"It is well settled that this Court reviews the granting of a summary judgment motion on a *de novo* basis. *Marr Scaffolding Co. v. Fairground Forms Inc.*, 682 A.2d 455, 457 (R.I.1996). In conducting such a review, * * * 'we will affirm a summary judgment if, after reviewing the admissible evidence in the light most favorable to the nonmoving party, we conclude that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law.'" *Woodland Manor III Associates v. Keeney*, 713 A.2d 806, 810 (R.I.1998) (quoting *Rotelli v. Catanzaro*, 686 A.2d 91, 93 (R.I.1996)).

The question of the existence of a duty is one of law to be decided by the trial or motion justice. *See Hennessey v. Pyne*, 694 A.2d 691, 697 (R.I.1997); *Banks v. Bowen's Landing Corp.*, 522 A.2d 1222, 1224 (R.I.1987). We held in *Ferreira v. Strack*, 636 A.2d 682, 687–89 (R.I.1994), that an abutting owner has no duty to control traffic or to provide supervision thereof on a public highway. We further held that there was no duty to warn the parishioners of a church about the lack of traffic control on the highway adjacent to the church. *See id.* at 689. Similarly, we conclude that there is no duty on the part of the lessor of a vehicle to warn the lessee of such vehicle of hazards that may be encountered on the various highways over which the lessee may travel. Even in a limited area such as Block Island, it is scarcely the obligation of a lessor to know the condition of all the highways, road-ways, and trailways upon which a lessee may travel. We are of the opinion that the motion justice was correct in finding that the warning given to the plaintiff was adequate to apprise her of the roadway dangers that she might encounter.

Consequently, the appeal of the plaintiff is denied and dismissed, and the summary judgment entered in the Superior Court is hereby affirmed. The papers in the case are remanded to the Superior Court.