Robert M. SANTUCCI et al.

v.

CITIZENS BANK OF RHODE ISLAND.

No. 2001–163–Appeal.

Supreme Court of Rhode Island.

June 4, 2002.

Stephen A. Rodio, Providence, for Plaintiff.

Randall L. Souza, Ian C. Ridlon, Providence, for Defendant.

Present: WILLIAMS, C.J., LEDERBERG, BOURCIER, FLANDERS, and GOLDBERG, JJ.

## OPINION

PER CURIAM.

Does a bank owe a duty of care to an elderly depositor, to investigate and report an alleged suspected financial exploitation? The plaintiffs, Robert M. Santucci and Rose J. Volpe (Volpe) (collectively, plaintiffs), as co-guardians of their mother, Assunta Santucci (Santucci), have appealed a summary judgment in favor of the defendant, Citizens Bank of Rhode Island (Citizens or defendant). This case came before the Supreme Court for oral argument on May 14, 2002, pursuant to an order directing the parties to show cause why the issues raised in this appeal should not be summarily decided. After examining the record and the memoranda of the parties, and after hearing the oral arguments of counsel, we are of the opinion that cause has not been shown, and we summarily affirm the judgment of the Superior Court.

In December 1995, Santucci opened an eighteen-month certificate of deposit account at Citizens, with an initial balance of approximately $39,000. Volpe stated in an affidavit that Santucci was a long-term

customer at Citizens' Mineral Spring Avenue branch and was well-known by bank employees. Shortly after opening the account, Santucci began to withdraw funds averaging about $300 per month. According to Volpe, Santucci's physical and mental health began to rapidly deteriorate in June 1996. Beginning in August 1996, Santucci began making more frequent and larger withdrawals from her Citizens account. In August 1996, she withdrew $2,400, and in September, she withdrew $3,468.58. Volpe stated that this pattern continued until April 1997, by which time Santucci had withdrawn $27,012.34 from her account. Volpe also indicated that a man named David Baccari (Baccari), who had a history of drug abuse, was accompanying her mother to the bank. According to Volpe, all the money withdrawn by Santucci was stolen by Baccari. In May 1997, Volpe and her brother were appointed co-guardians of their mother, who was declared incompetent by the Providence Probate Court.

The plaintiffs filed a four-count complaint against Citizens in June 1998, alleging a breach of Citizens' statutory duty to report exploitation of the elderly pursuant to G.L.1956 § 42–66–8 [1] (count 1); negligence (count 2); breach of contract (count 3); and breach of fiduciary duty (count 4). Count 1 of plaintiffs' complaint was dismissed pursuant to Rule 12(b)(6) of the Superior Court Rules of Civil Procedure. The defendant's subsequent motion for summary judgment with respect to the remaining counts was granted in February 2001. Final judgment was entered, and plaintiffs appealed.

■ This Court reviews the granting of a summary judgment *de novo*, applying the same standard as the motion justice. *Nonnenmacher v. City of Warwick*, 722 A.2d 1199, 1202 (R.I.1999); *McKinnon v. Rhode Island Hospital Trust National Bank*, 713 A.2d 245, 247 (R.I.1998). We shall affirm the judgment if, "after reviewing the admissible evidence in the light most favorable to the nonmoving party, we conclude that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law." *McKinnon*, 713 A.2d at 247 (quoting *Rotelli v. Catanzaro*, 686 A.2d 91, 93 (R.I.1996)).

On appeal, plaintiffs did not challenge the dismissal of count 1, conceding that § 42–66–8 did not provide for a private right of action, but they argued that the motion justice erred in granting summary judgment with respect to their remaining counts of negligence, breach of contract, and breach of fiduciary duty. We address each of these counts.

■ It is well settled that "[a] defendant cannot be liable under a negligence theory unless the defendant owes a duty to the plaintiff." *Ferreira v. Strack*, 636 A.2d 682, 685 (R.I.1994) (citing *Rodrigues v. Miriam Hospital*, 623 A.2d 456, 460 (R.I. 1993) and *Ryan v. State Department of Transportation*, 420 A.2d 841, 843 (R.I. 1980)). Whether a duty exists in a particular case is a question of law for the trial or motion justice. *Ohms v. State Department of Transportation*, 764 A.2d 725, 727 (R.I.2001) (per curiam); *Ferreira*, 636 A.2d at 685; *Banks v. Bowen's Landing Corp.*, 522 A.2d 1222, 1224 (R.I.1987). In *Banks*, this Court articulated several fac-

---

1. General Laws 1956 § 42–66–8 provides:

    "Any person who has reasonable cause to believe that any person sixty (60) years of age or older has been abused, neglected, exploited, or abandoned shall make an immediate report to the director of the department of elderly affairs or his or her designee. Any person who fails to make the report shall be punished by a fine of not more than one thousand dollars ($1,000) or shall be imprisoned for a term of not more than one year, or both."

tors that may be considered in determining whether a duty exists, including the foreseeability and likelihood of the injury to the plaintiff, the connection between the defendant's conduct and the injury suffered, the policy of preventing future harm, and the consequences to the defendant and to the community of imposing a duty of care on the defendant with resulting liability for breach. *Banks*, 522 A.2d at 1225. In the instant case, the motion justice determined that plaintiffs failed to articulate specific facts that would trigger a duty of care. We agree.

■ The plaintiffs offered two principal theories to support their assertion that Citizens owed a duty to Santucci. First, although plaintiffs admitted that § 42–66–8 did not create a private right of action, plaintiffs argued that the statute created a legal duty to report financial exploitation of the elderly, a violation of which constitutes *prima facie* evidence of negligence. For support, plaintiffs cited *Errico v. LaMountain*, 713 A.2d 791 (R.I.1998), in which the plaintiff-tenant sued the defendant-landlords to recover for injuries suffered when a faulty railing caused the plaintiff to fall from the second-floor balcony of her rented apartment. In that case, however, we concluded that the Residential Landlord and Tenant Act, G.L.1956 chapter 18 of title 34, "created a duty that the [defendants] owed to [the plaintiff] by operation of law." *Errico*, 713 A.2d at 794.

■ In contrast, § 42–66–8 contains no indication that its drafters intended to alter the preexisting legal relationship between bank and depositor. In general, "[u]nless it is specially agreed otherwise, a banking institution and its depositors stand in the debtor and creditor relationship," *Griffin v. Centreville Savings Bank*, 93 R.I. 47, 52, 171 A.2d 204, 206–07 (1961) (citing, *inter alia*, *R.H. Kimball, Inc. v. Rhode Island Hospital National Bank*, 72 R.I. 144, 153, 48 A.2d 420, 426 (1946)), and "[t]he rights and obligations of each with respect to the fund on deposit [are] governed by the terms of the contract which they enter into at the time of the establishment of the relationship." *Griffin*, 93 R.I. at 52, 171 A.2d at 207. Therefore, we reject plaintiffs' argument that § 42–66–8 gave rise to a new duty of care flowing from Citizens *to plaintiffs* that could form the basis of a private action for negligence.

■ Second, plaintiffs attempted to establish a duty by reference to a document entitled "Bank Reporting Project: Employee Training Manual" (manual). The manual apparently was written by staff members at the Office of the Attorney General, with the assistance of the Department of Elderly Affairs, the Department of Business Regulation, and the Rhode Island Bankers Association. The plaintiffs argued that Citizens was a participant in the project and should be held to the standards contained in the manual. However, there was no showing by plaintiffs that Santucci was abused or neglected or exploited, and the bank failed to act. The motion justice rejected plaintiffs' argument that the manual evidenced a duty of care, finding instead that there was a failure of proof on the part of plaintiffs. We agree with the motion justice.

■ It is well established that a litigant opposing a motion for summary judgment has the burden of proving by competent evidence the existence of a disputed issue of material fact and cannot rest upon mere allegations or denials in the pleadings, mere conclusions, or mere legal opinions. *Rotelli*, 686 A.2d at 93; *Accent Store Design, Inc. v. Marathon House, Inc.*, 674 A.2d 1223, 1225 (R.I.1996). A letter from Citizens' counsel to plaintiffs' attorney alleged that the manual had never been finalized or officially adopted by the Rhode

Island Bankers Association. Counsel also stated that Citizens received a copy of this manual *after* the commencement of this litigation and did not have it or use it at the time of the events alleged in the complaint. Moreover, Linda Connors, the head bank teller at Citizens' Mineral Spring Avenue branch, stated in her deposition that she was not familiar with the manual. At the conclusion of the hearing on the summary judgment motion, the motion justice gave plaintiffs an opportunity to amend their pleadings to allege that defendant violated an industry standard. The plaintiffs apparently did not amend their pleadings and filed no further documentation opposing the motion. We therefore conclude that plaintiffs failed to set forth specific facts to show that the employee manual they introduced as evidence constituted an industry standard, sufficient to establish a duty on the part of defendant.

■ The plaintiffs next argued that Citizens breached its contract with Santucci by releasing funds in her account. In their complaint, plaintiffs contended that the funds were released without Santucci's authorization. There was no evidence, however, that Santucci did not request the withdrawals or that Citizens released funds to her after she was declared to be incompetent. The crux of plaintiffs' argument is that Citizens had the right to refuse Santucci's withdrawal requests and that the bank was negligent when it did not exercise this right.[2] We disagree.

Under the rules that governed Santucci's certificate of deposit account, the account holder could make withdrawals before the maturity date only if the bank agreed to the withdrawal. But the document did not specify the circumstances under which the bank could refuse to allow an account holder to withdraw his or her funds, nor did it require that the bank inquire into the reasons for the withdrawal. In these circumstances, we are of the opinion that the contract between Citizens and Santucci did not give rise to the duty advocated by plaintiffs.

■ Last, the plaintiffs argued that the motion justice erred in failing to find that a fiduciary relationship existed between Santucci and Citizens. The plaintiffs contended that the question of whether a fiduciary relationship exists is a fact-intensive inquiry that depends on various factors, "including the reliance of one party upon the other, the relationship of the parties prior to the incidents complained of, the relative business capacities or lack thereof between the parties, and the readiness of one party to follow the other's guidance in complicated transactions." *Simpson v. Dailey*, 496 A.2d 126, 129 (R.I. 1985). Noting that, in general, "a depositor relationship does not in and of itself give rise to a fiduciary relationship," the motion justice found that the plaintiffs failed to present facts "to demonstrate [that Santucci] was relying on [Citizens] as a fiduciary." On appeal, the plaintiffs challenged this conclusion, but did not set forth any specific facts to support their assertion that Citizens owed a fiduciary duty to Santucci. Again, parties opposing a summary judgment motion may not rely upon mere allegations or denials in the pleadings. "Rather, by affidavits or otherwise they have an affirmative duty to set forth specific facts showing that there is a genuine issue of material fact." *Bourg v. Bristol Boat Co.*, 705 A.2d 969, 971 (R.I. 1998). We are of the opinion that the plaintiffs failed to satisfy this burden.

2. At the hearing on the motion for summary judgment, plaintiffs' attorney agreed that counts 2 and 3 both involved the same act of negligence and could be treated together.

Therefore, we deny and dismiss the plaintiffs' appeal, and we affirm the judgment of the Superior Court, to which we return the papers in the case.